UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WOLDEKIROS HAILE and TSIGE HAILE,

Case No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiffs,

-against-

DENNIS P. HAGGERTY, PENSKE TRUCK LEASING
CO, L.P. and EXEL DIRECT INC.,

Defendants.
-----------------------------------------------------------------------X

Plaintiffs, by their attorneys, **LAW OFFICES OF TODD A. RESTIVO, P.C.**, complaining of the Defendants, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

1. At all times herein mentioned, Plaintiff **WOLDEKIROS HAILE** was, and still is, a resident of the County of New York, State of New York.

2. At all times herein mentioned, Plaintiff **TSIGE HAILE** was, and still is, a resident of the County of New York, State of New York.

3. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** was, and still is, a resident of the State of Pennsylvania.

4. At all times herein mentioned, Defendant **PENSKE TRUCK LEASING CO., L.P.** is a domestic limited partnership existing by virtue of the laws of the State of Pennsylvania.

5. At all times herein mentioned, Defendant **EXCEL DIRECT INC.** is a foreign corporation formed in the State of California and authorized to do business in the states of New York, New Jersey and California.

6. Plaintiffs and Defendants are citizens of and/or incorporated in different jurisdictions thereby establishing diversity jurisdiction.

7. At all times herein mentioned, Defendant **PENSKE TRUCK LEASING, CO., L.P.** was the owner of a 2003 Freightliner TT motor vehicle bearing Indiana State registration number 321441.

8. At all times herein mentioned, Defendant **EXEL DIRECT INC.** was the owner of a 2003 Freightliner TT motor vehicle bearing Indiana State registration number 321441.

9. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** operated the aforementioned 2003 Freightliner TT motor vehicle bearing Indiana State registration number 321441.

10. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** operated the aforementioned motor vehicle with the permission of Defendant **PENSKE TRUCK LEASING CO., L.P.**

11. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** operated the aforementioned motor vehicle with the permission of Defendant **EXEL DIRECT INC.**

12. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** operated the aforementioned motor vehicle with the knowledge of the Defendant **PENSKE TRUCK LEASING CO., L.P.**

13. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** operated the aforementioned motor vehicle with the knowledge of the Defendant **EXEL DIRECT INC.**

14. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** operated the aforementioned motor vehicle with the consent of the Defendant **PENSKE TRUCK LEASING CO., L.P.**

15. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** operated the aforementioned motor vehicle with the consent of the Defendant **EXEL DIRECT INC.**

16. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** operated the aforementioned motor vehicle within the scope of his employment with Defendant **PENSKE TRUCK LEASING CO., L.P.**

17. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** operated the aforementioned motor vehicle within the scope of his employment with Defendant **EXEL DIRECT INC.**

18. At all times herein mentioned, Defendant **PENSKE TRUCK LEASING CO., L.P.** managed the aforementioned motor vehicle.

19. At all times herein mentioned, Defendant **EXEL DIRECT INC.** managed the aforementioned motor vehicle.

20. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** managed the aforementioned motor vehicle.

21. At all times herein mentioned, Defendant **PENSKE TRUCK LEASING CO., L.P.** maintained the aforementioned motor vehicle.

22. At all times herein mentioned, Defendant **EXEL DIRECT INC.** maintained the aforementioned motor vehicle.

23. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** maintained the aforementioned motor vehicle.

24. At all times herein mentioned, Defendant **PENSKE TRUCK LEASING CO., INC.** controlled the aforementioned motor vehicle.

25. At all times herein mentioned, Defendant **EXEL DIRECT INC.** controlled the aforementioned motor vehicle.

26. At all times herein mentioned, Defendant **DENNIS P. HAGGERTY** controlled the aforementioned motor vehicle.

27. At all times herein mentioned, Plaintiff **WOLDEKIROS HAILE** was the operator of a 1996 Toyota motor vehicle bearing New York State registration number BHB8080.

28. At all times herein mentioned, the New Jersey Turnpike was a public roadway and/or thoroughfare.

29. That on October 8, 2005, Defendant **DENNIS P. HAGGERTY** was operating the motor vehicle owned by Defendant **PENSKE TRUCK LEASING CO., L.P.** on the New Jersey Turnpike at or near milepost marker 109.2.

30. That on October 8, 2005, Defendant **DENNIS P. HAGGERTY** was operating the motor vehicle owned by Defendant **EXEL DIRECT INC.** at the aforementioned location.

31. That on October 8, 2005, Plaintiff **WOLDEKIROS HAILE** was operating his motor vehicle at the aforementioned location.

32. That on October 8, 2005, the motor vehicle owned by Defendant **PENSKE TRUCK LEASING CO., L.P.** and operated by Defendant **DENNIS P. HAGGERTY** came into contact with the motor vehicle operated by Plaintiff **WOLDEKIROS HAILE** at the aforementioned location.

33. That on October 8, 2005, the motor vehicle owned by Defendant **EXEL DIRECT INC.** and operated by Defendant **DENNIS P. HAGGERTY** came into contact with the motor vehicle operated by Plaintiff **WOLDEKIROS HAILE** at the aforementioned location.

34. That as a result of the aforesaid contact, Plaintiff **WOLDEKIROS HAILE** was injured.

35. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

36. That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

37. That by reason of the foregoing, Plaintiff **WOLDEKIROS HAILE** sustained severe and permanent personal injuries and was otherwise damaged.

38. That Plaintiff **WOLDEKIROS HAILE** sustained serious injuries as defined by all applicable laws.

39. That Plaintiff **WOLDEKIROS HAILE** sustained serious injuries and economic loss greater than basic economic loss as defined by applicable laws.

40. That by reason of the foregoing, Plaintiff **WOLDEKIROS HAILE** has been damaged in the sum of TWO MILLION DOLLARS ($2,000,000.00).

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**

41.     That Plaintiff, **TSIGE HAILE** repeats, reiterates and re-alleges each and every of the allegations contained in the paragraphs contained herein numbered 1 through 40 in its entirety with the same force and effect as though herein fully set forth at length.

42.     That on October 8, 2005, at the aforementioned location, the motor vehicle owned by Defendant **PENSKE TRUCK LEASING CO., L.P.** and operated by Defendant **DENNIS P. HAGGERTY** came into contact with the motor vehicle owned and operated by Plaintiff **WOLDEKIROS HAILE** in which **TSIGE HAILE** was a passenger.

43.     That on October 8, 2005, at the aforementioned location, the motor vehicle owned by Defendant **EXCEL DIRECT INC.** and operated by Defendant **DENNIS P. HAGGERTY** came into contact with the motor vehicle owned and operated by Plaintiff **WOLDEKIROS HAILE** in which **TSIGE HAILE** was a passenger.

44.     That as a result of the foregoing contact, Plaintiff **TSIGE HAILE** was injured.

45.     That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiffs contributing thereto.

46.     That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

47.     That by reason of the foregoing, Plaintiff **TSIGE HAILE** sustained severe and permanent personal injuries; and Plaintiff **TSIGE HAILE** was otherwise damaged.

48. That Plaintiff **TSIGE HAILE** sustained serious injuries as defined by all applicable laws.

49. That Plaintiff **TSIGE HAILE** sustained serious injuries and economic loss greater than basic economic loss as defined by all applicable laws.

50. That by reason of the foregoing, Plaintiff **TSIGE HAILE** has been damaged in a sum of TWO MILLION DOLLARS ($2,000,000.00).

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**

51. That Plaintiff, **TSIGE HAILE** repeats, reiterates and re-alleges each and every of the allegations contained in the paragraphs contained herein numbered 1 through 50 in its entirety with the same force and effect as though herein fully set forth at length.

52. That Plaintiff **TSIGE HAILE** is the lawful wife of Plaintiff **WOLDEKIROS HAILE**.

53. That solely as a result of the aforementioned negligence, carelessness and/or recklessness of the Defendants herein, Plaintiff **TSIGE HAILE** was caused and will continue to be caused to lose the services, society, comfort, companionship and consortium of said spouse, Plaintiff **WOLDEKIROS HAILE**.

54. That by reason of the foregoing, Plaintiff **TSIGE HAILE** has been damaged in a sum of ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**

54. That Plaintiff, **WOLDEKIROS HAILE** repeats, reiterates and re-alleges each and every of the allegations contained in the paragraphs contained herein numbered 1 through 54 in its entirety with the same force and effect as though herein fully set forth at length.

56.     That Plaintiff **WOLDEKIROS HAILE** is the lawful husband of Plaintiff **TSIGE HAILE**.

57.     That solely as a result of the aforementioned negligence, carelessness and/or recklessness of the Defendants herein, Plaintiff **WOLDEKIROS HAILE** was caused and will continue to be caused to lose the services, society, comfort, companionship and consortium of said spouse, Plaintiff **TSIGE HAILE**.

58.     That by reason of the foregoing, Plaintiff **WOLDEKIROS HAILE** has been damaged in a sum of ONE MILLION DOLLARS ($1,000,000.00).

**WHEREFORE**, Plaintiff **WOLDEKIROS HAILE** demands judgment in the First Cause of Action against the Defendants herein, in the sum of TWO MILLION DOLLARS ($2,000,000.00), Plaintiff **TSIGE HAILE** demands judgment in the Second Cause of Action against the Defendants herein, in the sum of TWO MILLION DOLLARS ($2,000,000.00), Plaintiff **TSIGE HAULE** demands judgment in the Third Cause of Action against the Defendants herein in the sum of ONE MILLION DOLLARS ($1,000,000.00) and Plaintiff **WOLDEKIROS HAILE** demands judgment in the Fourth Cause of Action against the Defendants herein in the sum of ONE MILLION DOLLARS ($1,000,000.00) together with the costs and disbursements of this action.

Dated:     Garden City, New York
           September 25, 2007

                                                Todd A. Restivo